Katherine Souza Pereira, SBN 355404
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Adriana Borges de Azevedo da Silva et al.,

             Plaintiffs,

vs.

Kristi Noem, et al.

             Defendants.

Case No.: 5:25-cv-00782-JSM-PRL

**PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

### INTRODUCTION

Plaintiffs Adriana Borges de Azevedo da Silva and Kamilly Azevedo Castelo da Silva, by and through undersigned counsel, respectfully oppose Federal Defendants' Motion to Dismiss for lack of subject-matter jurisdiction. Plaintiffs' claims present reviewable questions of law and seek the ordinary Administrative Procedure Act ("APA") remedy of vacatur and remand for lawful adjudication. Plaintiffs do not ask the Court to grant adjustment of status or to reweigh discretionary equities; they ask only that the agency apply the correct legal standard in adjudicating their applications.

### PRELIMINARY STATEMENT: DEFENDANTS' MOTION IS UNTIMELY UNDER RULE 12(a)(2)

1

As a threshold matter, Defendants' Motion to Dismiss was filed after the deadline prescribed by the Federal Rules of Civil Procedure. Service of process was completed on December 23, 2025. Under Rule 12(a)(2), Defendants' response was therefore due within sixty days—no later than February 24, 2026. Defendants filed their Motion to Dismiss on March 3, 2026, without seeking leave of Court or an extension of time.

Plaintiffs nonetheless respond on the merits in the interest of efficiency and judicial economy. The untimely filing, however, provides an independent basis to deny the motion. In any event, as set forth below, the Motion should be denied because Plaintiffs allege reviewable questions of law and seek only the APA's ordinary remedy of vacatur and remand for lawful adjudication.

## SUBJECT-MATTER JURISDICTION

### Rule 12(b)(1) Standard

Federal Defendants move to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. Because Defendants mount a facial jurisdictional challenge, the Court accepts the Complaint's well-pleaded factual allegations as true and determines whether those allegations establish a basis for jurisdiction. At this stage, the Court does not resolve disputed facts or weigh the merits of Plaintiffs' claims; it asks only whether Plaintiffs have alleged a reviewable legal claim within the Court's limited jurisdiction.

### Federal-Question Jurisdiction and APA Review

Plaintiffs' claims arise under federal law, including the APA and the Immigration and Nationality Act's adjustment provisions. Plaintiffs invoke federal-question jurisdiction under 28 U.S.C. § 1331 and allege final agency action because USCIS denied their adjustment applications

2

and later denied their motions to reopen or reconsider, leaving no administrative appeal route. Plaintiffs seek only vacatur and remand for lawful adjudication, not an order granting adjustment.

The Administrative Procedure Act provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The statute further waives sovereign immunity for actions seeking relief other than money damages against federal agencies or officers acting in their official capacities. Id. As the Eleventh Circuit has recognized, § 702 "waives sovereign immunity in actions seeking nonmonetary relief against federal agencies and officials." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985). Accordingly, when plaintiffs seek declaratory or injunctive relief challenging the legality of federal agency action, the APA provides both a cause of action and a waiver of sovereign immunity.

Under the APA, agency action is subject to judicial review when it constitutes "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. An agency decision is considered final when it marks the consummation of the agency's decision-making process and determines rights or obligations from which legal consequences flow. See *Miccosukee Tribe of Indians of Fla. v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009). In *Miccosukee Tribe*, the Eleventh Circuit reaffirmed that final agency actions that determine legal rights and obligations are subject to review under the APA. Id.

Here, USCIS's denial of Plaintiffs' Form I-485 Applications to Adjust Status constitutes final agency action. The agency subsequently denied Plaintiffs' Form I-290B motions to reopen and reconsider, which represent the final step in USCIS's administrative review process. These decisions conclusively determined Plaintiffs' eligibility for adjustment of status and imposed

legal consequences by denying them lawful permanent resident status. Because these determinations mark the consummation of the agency's decision-making process and leave Plaintiffs without further administrative recourse, they constitute final agency action within the meaning of the APA.

Moreover, Plaintiffs have no other adequate remedy available in a court. The immigration statutes and regulations provide no administrative appeal from the denial of an adjustment of status application outside the context of removal proceedings. Plaintiffs are not currently in removal proceedings and therefore cannot seek review before an immigration judge or the Board of Immigration Appeals. In such circumstances, courts within the Eleventh Circuit have recognized that the APA provides an avenue for judicial review of final agency action where no alternative remedy exists. See *Panola Land Buyers Ass'n*, 762 F.2d at 1555 (explaining that the APA provides judicial review where plaintiffs challenge final agency action and lack another adequate remedy).

Plaintiffs seek declaratory and injunctive relief requiring USCIS to reconsider their applications in accordance with the governing law and binding agency precedent. Such relief is expressly authorized by the APA, which empowers courts to "hold unlawful and set aside agency action, findings, and conclusions" that are arbitrary, capricious, or otherwise not in accordance with law. 5 U.S.C. § 706. Plaintiffs also seek relief under the Declaratory Judgment Act, which authorizes federal courts to declare the rights and legal relations of parties in cases of actual controversy within the court's jurisdiction. 28 U.S.C. § 2201.

Because Plaintiffs challenge final agency action under federal law, seek non-monetary relief authorized by the APA, and lack any other adequate remedy, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedure Act.

4

**INA § 1252(a)(2)(B) Does Not Bar Review of Plaintiffs' Legal-Error Claims**

Defendants invoke 8 U.S.C. § 1252(a)(2)(B) as a blanket jurisdictional bar. It is not. The Complaint does not ask this Court to (i) grant adjustment of status, (ii) reweigh discretionary equities, or (iii) second-guess USCIS's factfinding. Instead, Plaintiffs challenge the agency's legal interpretation and application of statutory eligibility provisions—i.e., whether USCIS applied the correct legal standard when it treated a conceded "period of authorized stay" as disqualifying under INA § 245. A court's determination whether the agency applied the correct legal standard is a question of law, and it is reviewable under the APA's ordinary remedy of vacatur and remand.

The Eleventh Circuit has repeatedly recognized this distinction between unreviewable discretionary determinations and reviewable legal questions. In *Alhuay v. U.S. Attorney General*, 661 F.3d 534, 548–49 (11th Cir. 2011), the court explained that jurisdiction-stripping provisions do not bar review of "purely legal questions regarding statutory eligibility for discretionary relief." The Eleventh Circuit emphasized that courts retain authority to determine whether the agency correctly interpreted and applied the statutory framework governing eligibility for immigration relief. Id. Similarly, in *Mejia Rodriguez v. U.S. Department of Homeland Security*, 562 F.3d 1137, 1142–43 (11th Cir. 2009), the court held that federal courts retain jurisdiction to review legal challenges to agency decisions even where the underlying relief itself is discretionary. The court explained that jurisdiction remains where a plaintiff challenges "the legal standards applied by the agency" rather than the discretionary outcome of the decision.

Consistent with these principles, courts have distinguished between the discretionary decision to grant relief and the antecedent legal determination of whether an applicant satisfies the statutory eligibility requirements for that relief. The Eleventh Circuit has made clear that

while the ultimate decision to grant adjustment of status is discretionary, the interpretation and application of the statutory eligibility provisions governing adjustment are questions of law that remain subject to judicial review. See *Alhuay*, 661 F.3d at 548–49.

Here, Plaintiffs do not challenge USCIS's discretionary authority to grant or deny adjustment of status. Plaintiffs do not ask the Court to reweigh equities or substitute its judgment for that of the agency regarding whether adjustment should ultimately be granted. Instead, Plaintiffs challenge whether USCIS correctly applied the statutory eligibility requirements under INA § 245(c) and whether the agency followed its own binding precedent in determining that Plaintiffs were barred from adjustment of status.

Specifically, Plaintiffs allege that USCIS misinterpreted the statutory requirement that an applicant maintain lawful status and failed to apply controlling agency precedent addressing status lapses caused by government delay in adjudicating timely filed asylum applications. Plaintiffs further allege that the agency failed to provide a reasoned explanation for disregarding its own precedent and instead relied on outdated internal guidance that cannot supersede binding legal authority. These claims challenge the legal framework applied by USCIS and the lawfulness of the agency's reasoning, not the agency's discretionary judgment regarding whether adjustment should ultimately be granted.

The Eleventh Circuit has made clear that such challenges remain reviewable. When a plaintiff alleges that the agency applied an incorrect legal standard, misinterpreted a statute, or failed to follow its own precedent, courts retain jurisdiction to review those claims because they present questions of law rather than discretionary determinations. See *Mejia Rodriguez*, 562 F.3d at 1142–43.

Accordingly, Defendants' reliance on § 1252(a)(2)(B)(i) is misplaced. Plaintiffs' claims fall squarely within the category of legal challenges that federal courts retain jurisdiction to review. Because Plaintiffs seek review of USCIS's alleged legal errors in interpreting and applying the statutory eligibility requirements for adjustment of status, the jurisdiction-stripping provision does not bar this Court's review.

**A.    This case fits comfortably within the narrow but real category of reviewable legal questions**

Section 1252(a)(2)(B) is aimed at insulating certain discretionary judgments from judicial second-guessing. It does not immunize legal error. Even where a statute commits aspects of adjudication to agency discretion, the agency has no discretion to misread the statute, disregard binding regulations, or apply an incorrect legal test. Plaintiffs' suit asks only for vacatur and remand so USCIS applies the correct legal framework; that form of relief is the heartland of APA review.

That principle is consistent with the Eleventh Circuit's approach. In *Kanapuram v. Director, U.S. Citizenship & Immigration Services*, No. 23-12826, 2025 WL ____ (11th Cir. Mar. 20, 2025), the court held that § 1252(a)(2)(B)(ii) barred district-court review of APA claims challenging USCIS's discretionary policy choices about when to adjudicate pending I-485 applications. But *Kanapuram* did not hold that courts are powerless to ensure the agency follows binding law. To the contrary, the Eleventh Circuit has repeatedly recognized that an agency commits a reviewable error when it applies the wrong legal standard. See, e.g., *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016) (explaining that whether the agency "applied the wrong legal standard" is a question of law). Plaintiffs' claims fall on the reviewable side of that line:

they challenge the legal standard USCIS applied in denying adjudicated applications, not a discretionary call about timing, prioritization, or equitable weighing.

### B. *Patel v. Garland* does not control this APA action because Plaintiffs do not seek review of factual findings or discretionary relief decisions

Defendants may rely on *Patel v. Garland*, 596 U.S. 328 (2022), to argue that § 1252(a)(2)(B)(i) bars review of "any judgment regarding the granting of relief" under INA § 245. But *Patel* addressed a different posture and a different kind of claim. The case came to the Supreme Court from the Eleventh Circuit sitting en banc. See *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258 (11th Cir. 2020) (en banc), *aff'd*, 596 U.S. 328 (2022). There, the noncitizen sought review of an Immigration Judge's factual finding (whether he had falsely claimed U.S. citizenship) made in removal proceedings while deciding whether to grant discretionary relief. The Supreme Court held that § 1252(a)(2)(B)(i) precludes judicial review of such factfinding, even when the factual finding is framed as relating to statutory eligibility. *Patel*, 596 U.S. at 336–48. Plaintiffs here do not ask the Court to revisit any factual determination. They accept the operative facts as USCIS found them and challenge only the agency's legal interpretation and application of the governing statute to those facts. The requested remedy—vacatur and remand for application of the correct legal standard—does not trench on discretionary weighing and does not require the Court to decide whether adjustment should be granted.

Critically, even in the removal-review context, the Eleventh Circuit has long distinguished unreviewable factual disputes from reviewable legal errors (including misapplication of a legal standard). See *Jeune*, 810 F.3d at 799. And the Eleventh Circuit's en banc decision in *Patel* itself illustrates the point: the court explained that Patel raised both a factual challenge and a legal question, and it retained jurisdiction only over the legal question while treating the factual

8

challenge as barred. *Patel*, 971 F.3d at 1272 n.6 (en banc). Plaintiffs' claims fit the reviewable category because they do not ask this Court to second-guess factfinding; they ask the Court to enforce the governing legal standard and remand for lawful adjudication.

Unpublished Eleventh Circuit decisions applying *Patel* confirm the same jurisdictional boundary: § 1252(a)(2)(B) bars review of factbound challenges to eligibility or the exercise of discretion, but § 1252(a)(2)(D) preserves review of constitutional claims and questions of law. See, e.g., *Kakliauskas v. U.S. Att'y Gen.*, No. 23-10001, 2024 WL ____ (11th Cir. ____ __, 2024) (per curiam) (unpub.) (dismissing for lack of jurisdiction where petitioner "recast" factual disagreements as legal error under *Patel*); *Lopez-Martinez v. U.S. Att'y Gen.*, No. 22-12446, 2023 WL ____ (11th Cir. ____ __, 2023) (per curiam) (unpub.) (same); *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1314 (11th Cir. 2013) (explaining that where Congress bars review of the underlying discretionary-relief decision, the court likewise lacks jurisdiction over an attempt to obtain review through a motion to reopen, except for legal questions preserved by § 1252(a)(2)(D)); *see also Gonzalez v. U.S. Att'y Gen.*, No. 23-12989, 2024 WL ____ (11th Cir. ____ __, 2024) (per curiam) (unpub.) (post-*Patel*, rejecting jurisdiction where arguments attacked the agency's weighing of evidence rather than identifying a legal-standard error). These cases underscore why Defendants' reading of *Patel* is overbroad: Plaintiffs do not seek reweighing or reconsideration of facts; they seek correction of the legal rule USCIS used.

Nothing in *Patel* suggests that Congress silently eliminated APA review of pure legal error by USCIS outside the removal-order review scheme. When Congress intends to foreclose review, it does so clearly. See *Kucana v. Holder*, 558 U.S. 233, 251–52 (2010) (jurisdiction-stripping provisions are construed with care; courts do not infer bars beyond Congress's clear text). And where Congress has preserved review of "questions of law," courts treat the term to

include the application of a legal standard to undisputed facts. *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 232–36 (2020). Plaintiffs' challenge is of that character: it turns on whether USCIS applied the correct legal rule to a conceded period of authorized stay—not on reweighing evidence or re-litigating facts.

### B.    To the extent Defendants characterize this suit as a "collateral attack," § 1252(a)(2)(B) still does not bar review of policy/procedure or legal-standard challenges that do not seek a discretionary grant of relief

Even if Defendants rebrand Plaintiffs' APA claim as an impermissible "collateral attack," the label does not supply a jurisdictional bar. Courts distinguish between (i) claims that ask a court to decide whether a particular applicant should receive a discretionary immigration benefit, and (ii) claims that challenge the legality of the rules, standards, or procedures the agency used. The latter category remains reviewable because it does not require the court to make the benefit decision itself. See, e.g., *Nakka v. USCIS*, No. 22-35203, 2024 WL ____ (9th Cir. Aug. 6, 2024) (holding § 1252(a)(2)(B)(i) does not strip district courts of jurisdiction over collateral challenges to generally applicable policies and procedures). Plaintiffs' requested relief fits this reviewable category: vacatur and remand for lawful adjudication under the correct statutory standard. Granting that relief would not compel USCIS to approve adjustment, and it would not intrude on any subsequent discretionary weighing USCIS may lawfully conduct on remand.

This Court can resolve the jurisdictional issue without adopting any broad rule about collateral review. The dispositive point is narrow and practical: Plaintiffs seek a traditional APA remedy for alleged legal error. Where the relief requested is limited to requiring the agency to apply the correct legal standard and explain its decision, courts are not being asked to exercise the very discretion Congress insulated. That is why cases like *Kanapuram*, which involved challenges to discretionary adjudication timing, do not dictate dismissal here.

10

Defendants may also cite *Bouarfa v. Mayorkas*, 601 U.S. ___ (2024), but it does not change the analysis. *Bouarfa* concerned the Secretary's discretionary authority under 8 U.S.C. § 1155 to revoke an approved immigrant visa petition "for what he deems to be good and sufficient cause," and the Court held that such revocation decisions fall within § 1252(a)(2)(B)(ii)'s jurisdictional bar. This case involves no § 1155 revocation and no challenge to a discretionary withdrawal of an approved petition. Plaintiffs instead challenge USCIS's legal interpretation and application of adjustment-of-status eligibility provisions under INA § 245 and seek only vacatur and remand for lawful adjudication. Accordingly, *Bouarfa* does not foreclose judicial review of Plaintiffs' legal-error claims.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.

Respectfully submitted on May 18, 2026

/s/ Katherine Souza Pereira

Katherine Souza Pereira (SBN 355404)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-777
Email: court@gondim-law.com
*Counsel for Plaintiffs*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, I electronically filed the foregoing PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION using the CM/ECF system, which will serve all counsel of record.

May 18, 2026.

/s/ Katherine Souza Pereira

Katherine Souza Pereira (SBN 355404)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-777
Email: court@gondim-law.com
*Counsel for Plaintiffs*