**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ADRIANA BORGES DE AZEVEDO DA SILVA, KAMILLY AZEVEDO CASTELO DA SILVA,**

**Plaintiffs,**

**v.** **Case No.: 5:25-cv-00782-JSM-PRL**

**SECRETARY, DEPARTMENT OF HOMELAND SECURITY, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ASSOCIATE DIRECTOR, SERVICE CENTER OPERATIONS DIRECTORATE,**

**Defendants,**
**_____________________________________/**

## REPORT AND RECOMMENDATION[1]

This immigration matter is before the Court for consideration of the Federal Defendants' motion to dismiss Plaintiff's' complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1). (Doc. 6). Following a delay caused by the failure of Plaintiffs' original counsel to file a motion for special admission in this case (Docs. 11 & 12), Plaintiffs, acting through new counsel, responded to the motion to

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

dismiss. (Doc. 19). Upon due consideration, I submit that the Defendants' motion is due to be granted.

## I. BACKGROUND

The factual background and administrative history, which are not in dispute, are copied from the Government's motion:

> Plaintiffs are natives of Brazil. Doc. 1 at ¶ 1-2. On or about March 25, 2022, Plaintiffs filed their respective Form I-485 seeking to adjust their status in accordance with 8 U.S.C. §1255. *See id.* at 25. On May 10, 2024, Federal Defendants denied Plaintiffs' respective Form I-485. *See id.* at 27. The agency also issued a Notice of Intent to Rescind LPR status of the principal applicant who is not a plaintiff in this lawsuit. On December 4, 2025, Plaintiffs filed a complaint seeking judicial review of the denied Form I-485s.

(Doc. 6 at 2-3).

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Thus, a federal court must take care to ensure that it has jurisdiction for all cases that come before it. *Rembert v. Apfel*, 213 F.3d 1331, 1333–34 (11th Cir. 2000); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject-matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject-matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction. Under Rule 12(b)(1), a claim is properly dismissed for lack of

subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *See Smith*, 236 F.3d 1299.

If a motion to dismiss asserts a lack of subject matter jurisdiction, the plaintiff bears the burden of showing that it has properly invoked the court's jurisdiction. *Dominican Energy Ltd., Inc. v. Dominican Republic*, 903 F.Supp. 1507, 1511 (M.D. Fla. 1995).

## III. Discussion

Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Defendants argue that 8 U.S.C. § 1252(a)(2)(B)(i) strips the district court of jurisdiction to review any "authoritative decision .... relating to the granting or denying of discretionary relief" under section 1255, citing *Patel v. Garland*, 596 U.S. 328, 337–38 (2022).

Plaintiffs allege claims for declaratory relief and review of agency action under the Administrative Procedure Act ("APA"). (Doc. 1). The APA permits a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A court's review under the APA, however, is limited "to the extent that ... statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Accordingly, the Court's jurisdiction is limited to that permitted by the Immigration and Nationality Act ("INA"), as outlined in 8 U.S.C. § 1252. The relevant section of § 1252 provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), ... and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title[.]

8 U.S.C. § 1252(a)(2)(B).

Here, Plaintiffs seek review of denials of their Applications to Register Permanent Residence or Adjust Status. (Doc. 1 at 3). The applications were made pursuant to 8 U.S.C. § 1255(a). (Doc. 1 at 6). *See, e.g., Patel v. Noem*, No. 1:24-CV-05067, 2025 WL 4110055, at *1 (N.D. Ga. July 2, 2025) ("Section 1255 of the INA grants the Attorney General with discretionary authority to adjust the status of certain noncitizens to that of an alien admitted for lawful permanent residence.").

Plaintiffs appear to concede that "[t]he INA expressly provides that the [discretionary] denial of an application for adjustment of status is not reviewable by any court." *Aguilera v. Dist. Dir.*, 423 F. App'x 916, 919 (11th Cir. 2011) (citing 8 U.S.C. § 1252(a)(2)(B)(i)). Thus, it follows that review of USCIS's denial of Plaintiffs' I-485 applications, insofar as it pertains to any exercise of USCIS's discretion, is not within this Court's jurisdiction. *See, e.g., Barry v. Wolf*, No. 1:18-cv-04917, 2020 WL 10054618, at *1 (N.D. Ga. Feb. 12, 2020) ("The judicial review statute for the Immigration and Nationality Act ("INA") eliminates review by any court of discretionary decisions or actions of the Attorney General or Secretary of Homeland Security." (internal quotation omitted)); *Manori v. Johnson*, No. 1:14-cv-03953, 2015 WL 4537935, at *2 (N.D. Ga. July 27, 2015) ("Congress has expressly precluded district courts from exercising jurisdiction over discretionary actions committed to the Attorney General, DHS, or USCIS by the INA.").

Plaintiffs argue, however, that they do not seek review of factual findings or discretionary relief but instead raise a question regarding the misapplication of a legal standard. (Doc. 19 at 8). Specifically, Plaintiffs assert that "they challenge the legal standard USCIS applied in denying adjudicated applications, not a discretionary call about timing, prioritization, or equitable weighing." (Doc. 19 at 8). Plaintiffs contend that judicial review

by this court is not barred because "they do not ask this Court to second-guess factfinding; they ask the Court to enforce the governing legal standard and remand for lawful adjudication." (Doc. 19 at 9).

Upon consideration, I submit that Plaintiffs' challenge to the denial of their status-adjustment applications is barred by 8 U.S.C. § 1252(a)(2)(B)(i). In *Patel v. Garland*, the Supreme Court held that § 1252(a)(2)(B)(i) "does not restrict itself to certain kinds of decisions[,]" but rather prohibits review of "*any* judgment *regarding* the granting of relief under § 1255[.]" *Patel v. Garland*, 596 U.S. 328, 338 (2022). The Supreme Court noted that the word "any" in the jurisdiction-stripping provision has an "expansive meaning," such that "the provision applies to judgments of whatever kind under § 1255, not just discretionary judgments or the last-in-time judgment." *Id.* at 338 (quotations omitted). The word "judgment" as used in § 1252(a)(2)(B)(i) refers to "any authoritative decision." *Id.* at 337-38. Indeed, § 1252(a)(2)(B)(i) "encompasses not just 'the granting of relief' but also any judgment *relating to* the granting of relief." *Id.* at 339.

As the Supreme Court clarified, judicial review of decisions made by USCIS is barred, "[w]ith an exception for legal and constitutional questions." *Patel*, 596 U.S. at 331. However, "this provision applies only to petitions for review—a mechanism for appealing an agency order directly to a circuit court—and not to suits filed in district court to compel agency action." *Kanapuram v. Dir., U.S. Citizenship & Immigr. Servs.*, 131 F.4th 1302, 1309 (11th Cir. 2025) *(citing Thigulla v. Jaddou*, 94 F.4th 770, 777-78 (8th Cir. 2024)).

Here, Plaintiffs' complaint asks the Court to "reverse the decision of [their] incorrectly denied" I-485 applications because "USCIS's decision fails to acknowledge, distinguish, or apply" relevant case law, and "fails to address the fact that any lapse in nonimmigrant status was caused solely by USCIS's own failure to adjudicate the asylum application for more than six years." (Doc. 1 at 3, 10). Plaintiffs contend in their complaint that the "denial of adjustment is based on an incorrect application of law, is unsupported by the administrative record, and directly contradicts USCIS precedent." (Doc. 1 at 11).

In other words, Plaintiffs contend that USCIS came to the wrong conclusion based on the record and the operative facts and asks this Court to review the adverse decision. Plaintiffs' allegations belie their position that they are merely asserting a legal question. Plaintiffs allege that the USCIS

> ignored several critical factors, including Plaintiffs' timely filing of the asylum application; the legal distinction between a status violation and the adjustment-eligibility requirement under INA § 245(c); that any delay in adjudicating the asylum application was entirely caused by USCIS; and that pending asylum applications historically prevent disqualification under § 245(c).

(Doc. 1 at 15). Plaintiffs allege that the USCIS's decision was not rational, that it was conclusory, that it lacked a rational basis, and that it failed to acknowledge a status lapse based on USCIS's own failure to adjudicate the asylum application. (Doc. 1 at 15). It appears that Plaintiffs are challenging the decision itself, or the weight given to the evidence and relevant factors in reaching that decision, rather than raising a purely legal question. Further, Plaintiffs' allegations that USCIS reached the wrong decision because their status violations were merely "technical," appears to concede that USCIS's decision was ultimately discretionary. (Doc. 1 at 14). In other words, Plaintiffs' complaint "thus runs headlong into *Patel's* expansive interpretation of § 1252(a)(2)(B)(i)'s jurisdictional bar." *See*

*Bustos v. Bondi*, No. 1:25-CV-03869-SEG, 2026 WL 2241804, at *3 (N.D. Ga. July 24, 2026) (dismissing complaint and holding, post-*Patel*, that district court did not have subject matter jurisdiction to hear claims challenging USCIS's decision denying plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status).

In a similar case, the Eleventh Circuit reasoned:

> The District Court did not err in determining it lacked subject matter jurisdiction over [plaintiff's] complaint because the plain text of § 1252(a)(2)(B)(i) indicates that "no court" has jurisdiction in any judgment regarding the granting of relief under § 1255.

*Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 22-11818, 2023 WL 2564856, at *3 (11th Cir. Mar. 20, 2023) (affirming the district court's decision that it lacked subject matter jurisdiction to review the denial of plaintiff's application for adjusted status, as § 1252(a)(2)(B)(i) stripped the court of jurisdiction).

Many other courts have likewise held that district courts lacked jurisdiction under the same or similar circumstances as those presented here. *See Patel v. Mayorkas*, No. 7:22-CV-146, 2023 WL 7171459, at *3 (M.D. Ga. Oct. 31, 2023) (holding that the district court lacked jurisdiction over plaintiff's claim that the denial of her I-485 application was arbitrary and capricious and not in accordance with the procedures established by law); *Badra v. Jaddou*, No. 1:22-CV-22465, 2022 WL 4448260, at *6 (S.D. Fla. Sept. 14, 2022), *report and recommendation adopted*, No. 22-22465-CIV, 2022 WL 4376331 (S.D. Fla. Sept. 22, 2022) (finding that, under § 1252(a)(2)(B)(i), the district court lacked jurisdiction to review legal questions relating to adjustment of status application, and stating that "[t]here is simply no way to read the *Patel* decision as permitting the legal challenge posed by Plaintiffs"); *Rabinovych v. Mayorkas*, 624 F. Supp. 3d 19, 25 (D. Mass. 2022) (surveying case law and

finding that the "interpretation of the plain text of the statute to apply to all judgments concerning Section 1255, regardless of whether removal proceedings had commenced, is shared by many other circuits and district courts."); *Laroque v. Sec'y, Dep't of Homeland Sec.*, No. 6:20-CV-788, 2021 WL 7084102, at *4 (M.D. Fla. Oct. 22, 2021), *report and recommendation adopted*, No. 6:20-CV-788, 2021 WL 7084106 (M.D. Fla. Dec. 2, 2021) (finding court lacked jurisdiction over APA claim involving denial of I-485 application, despite plaintiff's characterization of claims as a request for judicial review of the agency's interpretation of its statutory authority); *Klimenko v. Gicha*, No. 20-24913-CIV, 2021 WL 3666396, at *2 (S.D. Fla. Aug. 18, 2021) (holding district court lacked subject matter jurisdiction over challenge to denial of plaintiffs' I-485 applications).

Further and importantly, Plaintiffs have not identified any post-*Patel* cases authorizing district court review of USCIS's denial of a plaintiff's I-485 application to adjust status.

## IV. Recommendation

For the reasons stated above, I recommend that the Federal Defendants' motion to dismiss (Doc. 6) be Granted.

Recommended in Ocala, Florida on August 6, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy